**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES KISSIAR,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-20-0453-W-1 |
| 　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DATE: October 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura Nagel, Esquire, and Brian Tuttle, Esquire, Washington, D.C., for the
　　appellant.

Nicole E. Rapone, Esquire, Fort Gregg-Adams, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
denied his request for corrective action in connection with his individual right of
action appeal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the appellant's agency-issued computer in November 2018 even absent his protected disclosures, we AFFIRM the initial decision.

The administrative judge found that, of the three personnel actions the appellant alleged the agency took against him in retaliation for his protected disclosures, only his performance evaluation and his 5-day suspension were covered personnel actions under 5 U.S.C. § 2302(a)(2)(A), and that the taking of his computer was not. Initial Decision at 44-47. The administrative judge found, as to the latter action, that it did not, as the appellant alleged, constitute a significant change in his working conditions.[2] 5 U.S.C. § 2302(a)(2)(A)(xii).

_____

[2] The record reflects that the agency confiscated the appellant's agency-issued computer for approximately 3 ½ months as part of an investigation into the appellant's accessing of personally identifiable information on the computer. The administrative judge considered the evidence regarding the appellant's ability to perform his duties during the period in question, including hearing testimony, and concluded that the appellant had failed to prove by preponderant evidence that his working conditions significantly changed during the period he was without a computer. Initial Decision at 44-46. The administrative judge explained that, although the record showed that the appellant had to make certain adjustments to complete his work while he did not have his computer,

Notwithstanding, the administrative judge analyzed all three personnel actions in considering whether the agency proved by clear and convincing evidence that it would have taken those personnel actions even absent the appellant's protected disclosures, concluding, as to all three, that the agency did so prove, Initial Decision at 48-59, and, on that basis, the administrative judge denied the appellant's request for corrective action. Initial Decision at 2, 59.

On review, inter alia, the appellant argues that the administrative judge erred in finding that the agency would have confiscated his computer in the absence of his protected disclosures. Petition for Review File, Tab 1 at 21-28.

In the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 114(b), 126 Stat. 1465, 1472, Congress amended 5 U.S.C. § 1221(e)(2) to provide that corrective action cannot be ordered if, "*after* a finding that a protected disclosure was a contributing factor" in the personnel action which was taken or is to be taken, the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. Under this amendment, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015); s*ee also* S. Rep. No. 112-743 at 24 (2012).

Here, after finding that the agency's action in confiscating the appellant's computer in November 2018 was not a covered personnel action under 5 U.S.C.

_____

the adjustments were not significant, and the appellant continued to perform at a Fully Successful level with only minor alterations to his working conditions. *Id.* at 46. In his petition for review, the appellant challenges the administrative judge's finding that the removal of his computer was not a covered personnel action. Petition for Review File, Tab 1 at 19-21. We have considered the appellant's argument, and the cases cited therein, but we find that has not provided a basis to disturb the administrative judge's well-reasoned finding on this issue. *See, e.g.*, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 9 (2016) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

§ 2302(a)(2)(A)(xii), Initial Decision at 45-47, the administrative judge's analysis of that claim should have ended. We therefore VACATE his further finding that the agency proved by clear and convincing evidence that it would have confiscated the appellant's computer even absent his protected disclosures, Initial Decision at 49-53. As such, we do not address the appellant's claims on review regarding that finding.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.